[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16043
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-80128-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMIE MCKENZIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Sammie McKenzie appeals his 71-month sentence imposed following his guilty plea to being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1). McKenzie asserts his sentence was unreasonable, in light of the factors in 18 U.S.C. § 3553(a) because (1) his history and personal characteristics warranted a downward variance from the advisory guideline range of 57 to 71 months (2) the court's imposition of a 71-month sentence, as a means of providing McKenzie with educational and vocational training, was unreasonably harsh and greater than necessary to provide McKenzie with such training and (3) the court placed too much emphasis on this one factor.

In reviewing a sentencing decision,[1] we must ensure both procedural and substantive reasonableness. *Gall*, 128 S. Ct at 590. We must first determine the sentence was procedurally reasonable. *Id.* at 597. Factors the Court must consider in determining procedural reasonableness include whether the district court: properly calculated the Guidelines range, improperly treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on "clearly erroneous facts," or failed to adequately explain its chosen sentence. *Id.*

---

[1]We review a final sentence imposed by a district court for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Reasonableness review is akin to the deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). Under the abuse-of-discretion standard, this Court will not reverse a district court so long as the district court's ruling "does not constitute a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).

After determining the sentence is procedurally reasonable, we must then consider the substantive reasonableness of the sentence. *Id.* A sentence is substantively reasonable if, under the totality of the circumstances, it achieves the purposes of § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The party challenging the sentence has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788. This Court has held that it ordinarily expects a sentence within the Guidelines range to be reasonable. *Id.*

McKenzie's 71-month sentence is reasonable. The district court committed no significant procedural error. The court correctly calculated the applicable Guidelines range, and treated those Guidelines as advisory, not mandatory. The court allowed both parties to present arguments as to what they believed would be an appropriate sentence. The court considered the § 3553(a) factors, and documented its reasoning in imposing a 71-month sentence. The district court set out a reasonable explanation for its sentencing decision. While McKenzie argues the district court placed undue emphasis on his need to receive educational and vocational training, the record shows the court used that as only one factor in making its sentencing determination. McKenzie has not met his burden to show

his sentence was either procedurally or substantively unreasonable. Accordingly, we affirm.

**AFFIRMED.**